MARY LOUISE LEE *v.* KING BROTHERS SHOE COMPANY, INC.

(*Knoxville,* September Term (May Session) 1954.)

Opinion filed June 10, 1955.

Petition to Rehear denied August 2, 1955.

CURTIN & HAYNES and FRANK WINSTON, all of Bristol, for appellant.

STACY J. GRAYSON, of Bristol, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a Workmen's Compensation cause wherein the Chancellor awarded compensation to the widow and minor children for the accidental death of Robert Henry Lee, the deceased husband of the complainant.

The only question here is whether the deceased died from accidental means. There is no question in the record but what the deceased was in the regular employ of the defendant, Shoe Company, and that his disability arose out of and in the course of his employment. The question is whether or not his death resulted from accidental causes.

The proof shows that he worked about the Shoe Company, and that on the afternoon in question he came out of the door of the Shoe Company into a Music Store next door, and the witness James Hollins testified that he noticed that deceased was bent over and that he was holding his stomach with his right hand and made a statement to the witness that ''a case of shoes fell on me. I am in great pain.''

The witness further testified that the deceased did not linger as was his usual custom at his place of business, but that he slowly walked out of sight and that he was stooped over as he walked away from him.

The proof shows that it was not over 25 to 30 feet to the place where the music store was located to the edge of the premises of the King Brothers Shoe Company.

The proof shows that cases of shoes were stacked up and that these cases weighed about 40 pounds each.

We are of the opinion that there is material evidence to show that the deceased suffered injuries accidentally while in the employ of the Shoe Company, and it must have been just a question of a few moments after he was injured that he made the statement that a case of shoes fell on him. The admission of this statement by the deceased after the so-called accident is assailed in this Court.

■ We think that the evidence was properly admitted and considered by the Chancellor.

In *National Life & Accident Insurance Company* v. *Follett,* 168 Tenn. 647, 80 S. W. (2d) 92, it was held that statements of one injured made few minutes after accident, and while declarant is suffering such pain and is under such excitement as to preclude any reasonable possibility of fabrication, are generally admissible as res gestae. See also Am. Jur. p. 559, Sec. 668.

■ There is also proof that the deceased, just before this, was apparently in good health, well and strong, and that since statement heretofore referred to on September 18th he failed physically, and died on September 22nd.

The testimony of Doctor Copenhaver also adds strength to plaintiff's case, as he testified that in his opinion the accident contributed to the death of the deceased.

We have considered all assignments of error and find them without merit and the decree of the Chancellor is affirmed.